**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELI OSMIN DIAZ LINARES,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden<br>Otay Mesa Detention Center,<br><br>                                    Respondent. | Case No.:  3:26-cv-01507-RBM-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Eli Osmin Diaz Linares's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner, a citizen of El Salvador, entered the United States on or around July 17, 2022. (Doc. 1 at 10.) On April 23, 2025, Petitioner was arrested in connection with a theft-related misdemeanor charge. (*See id*. at 10, 34.)  Despite being granted release on a $200 bond, paying the bond, and receiving a bail release slip, Petitioner was not released from police custody. (*Id*. at 10; *see id*. at 34–35.)  On April 27, 2026, Petitioner was transferred to United States Immigration and Customs Enforcement's ("ICE") custody and later transported to the Otay Mesa Detention Center, where he remains detained. (*Id*. at 6, 10.)

1

On July 29, 2025, an immigration judge ("IJ") granted Petitioner's request for custody redetermination and ordered that Petitioner be released from custody pursuant to a bond of $3,000 and subject to other conditions. (*Id*. at 11–12.) However, the United States Department of Homeland Security ("DHS") appealed the IJ's bond decision and Petitioner remained in detention. (*Id*. at 10, 13–14.)

On December 9, 2025, an IJ granted DHS's motion to pretermit Petitioner's application for asylum and withholding of removal and ordered him removed to Honduras. (*Id*. at 4, 15–17.) Petitioner filed an appeal of the IJ's removal order with the Board of Immigration Appeals ("BIA") on January 8, 2026, which remains pending. (*Id*. at 4–5.)

**B.      Procedural Background**

Petitioner commenced the instant action by filing the Petition on March 10, 2026. (Doc. 1.) On March 12, 2026, the Court issued an order denying Petitioner's motion to appoint counsel but allowed Petitioner to file an amended motion. (Doc. 2.) After attorney Jose Torres filed a Notice of Appearance on behalf of Petitioner (*see* Doc. 3), the Court set a briefing schedule and allowed Petitioner to file an amended petition on or before April 9, 2026. (Doc. 5.) On April 16, 2026, Respondent filed a Response to the Petition. (Doc. 6.) Petitioner did not file an amended petition and has not filed an optional reply brief as of the date of this Order.

## II.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.  <u>DISCUSSION</u>

Petitioner challenges his immigration detention as prolonged and claims he has been continuously detained since April 27, 2025, despite being granted release on bond.  (Doc. 1 at 2, 6, 10; *see id*. at 13–14.)  Liberally construed, the Petition raises claims under the Fifth Amendment's Due Process Clause.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (noting that federal courts must construe *pro se* petitions for writs of habeas corpus liberally).[1]  Respondent argues that "Petitioner is subject to mandatory detention under U.S.C. § 1225(b)."  (Doc. 6 at 1.)  However, Respondent "acknowledges that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and "concedes that this Court should order that Petitioner receive a bond hearing."  (*Id*.)

As a preliminary matter, the Court has granted several habeas petitions filed by similarly situated petitioners and held that such petitioners are subject to the discretionary detention procedures under 8 U.S.C. § 1226.  *See Rodriguez v. LaRose*, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, at *2–5 (S.D. Cal. Dec. 2, 2025); *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025); *Lopez-Sanchez v. Divver*, No. 3:26-CV-01288-RBM-BJW, 2026 WL 810253, at *2 (S.D. Cal. Mar. 24, 2026); *Galdamez v. Warden of Imperial Det. Facility*, Case No.: 3:26-cv-01099-RBM-VET, 2026 WL 802856, at *1 (S.D. Cal. Mar. 23, 2026); *accord Ramirez v. Noem*, 815 F. Supp. 3d 1162, 1167–69 (S.D. Cal. 2025).  In those cases, the Court found "§ 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [petitioner],' who [had] been residing in the United States" for many years.  *Rodriguez*, 2025 WL 3456475, at *4 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its

---

[1]  While counsel appeared on behalf of Petitioner after his motion to appoint counsel was denied (*see* Docs. 2–3), Petitioner filed the Petition *pro se* (*see* Doc. 1) and his counsel did not file an optional amended petition, reply brief, or any other documents before the Court.

3

3:26-cv-01507-RBM-AHG

reasoning from these decisions and makes the same findings here.

In this case, Petitioner had been residing and working in the United States for several years before he was arrested in April 2025. (*See* Doc. 1 at 10.)  After his arrest, an IJ granted Petitioner's custody redetermination request pursuant to 8 C.F.R. § 1236 (*see id*. at 11), "which is a procedure that follows a discretionary detention determination under 8 U.S.C. § 1226." *Cornejo v. Andrews*, —F. Supp. 3d—, 2026 WL 237748, at *3 (E.D. Cal. Jan. 29, 2026) (citing *Otilio B.F. v. Andrews*, 809 F. Supp. 3d 1038, 1049 (E.D. Cal. 2025), *appeal dismissed sub nom. Otilio Barragan Franco v. Andrews*, No. 26-617, 2026 WL 1204651 (9th Cir. Feb. 19, 2026)).  Petitioner's detention is therefore governed by § 1226. As Petitioner is not subject to mandatory detention under § 1225(b), and as an IJ already applied § 1226 and found Petitioner was not a danger or flight risk, "Petitioner is being held in violation of federal law."[2]  *See Rodriguez* 2025 WL 3456475, at *5.

Although the IJ ordered his release on bond, Petitioner has been continuously detained for over a year. (*See* Doc. 1 at 10.)  The record before the Court indicates that Petitioner was prevented from posting bond pending DHS's appeal of the IJ's bond decision in violation of his due process rights. (*See* Doc. 1 at 10–14).  DHS filed a Notice of Appeal from a Decision of an Immigration Judge and invoked the automatic stay provision (*see id*. at 13–14), which automatically stays an IJ's order granting release on bond where "DHS has determined that [a noncitizen] should not be released or has set a bond of $10,000 or more." *See* 8 C.F.R. § 1003.19(i)(2).  Several courts, including courts in this District, have found that "the automatic stay regulation violates substantive and

---

[2]  The Court notes that although Petitioner was ordered removed (*see* Doc. 1 at 15–17), 8 U.S.C. § 1231 does not apply because his appeal is still pending before the BIA and the removal order is not yet final.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("Once [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)."); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals").

3:26-cv-01507-RBM-AHG

procedural due process rights, both facially and as applied to" similarly situated petitioners—who were subject to continued detention despite an order granting their release on bond and without making any showing of dangerousness, flight risk, or any other factor justifying detention—and warrants immediate release. *See Otilio B.F.*, 809 F. Supp. 3d at 1053 (granting preliminary injunction where the "invocation of the automatic stay regulation likely violate[d] procedural due process as applied to" a petitioner who was detained under § 1226 and had been granted release on bond); *Silva v. Larose*, Case No.: 25-cv-2329-JES-KSC, 2025 WL 2770639, at *5–6 (S.D. Cal. Sept. 29, 2025) (applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) and finding the automatic stay pursuant to 8 C.F.R. § 1003.19(i)(2) violated a similarly situated petitioner's procedural due process rights); *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1077 (N.D. Cal. 2004) ("The regulation, which permits unilateral government detention of individuals without a case-by-case determination after a reasoned finding that they do not pose threat to safety or a risk of flight, violates the [substantive due process] because no special justification exists that outweighs the individual's constitutionally protected interest in avoiding physical restraint."); *Cornejo*, 2026 WL 237748, at *9–10; *Martinez v. Noem*, Case No. 5:25-cv-03371-HDV-AJR, 2026 WL 1048196, at *1 n.1 (C.D. Cal. Feb. 23, 2026). The Court adopts the reasoning in these cases and applies it here. For the same reasons, Petitioner's detention under the automatic stay regulation violates the Fifth Amendment's Due Process Clause and the Petition must be granted on this additional basis. *See Silva*, 2025 WL 2770639, at *5.

The Court also finds that immediate release, rather than requiring another bond hearing, is the appropriate remedy. *See Ruiz v. Noem*, Case No.: 3:25-cv-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) (noting that "it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [original bond] hearing."); *see also Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing

under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").[3]

### IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly, the Court **ORDERS** as follows:

1. Respondent is **ORDERED** to immediately release Petitioner from custody, subject to the same $3,000 bond and conditions of release ordered by the immigration judge on July 29, 2025.  (*See* Doc. 1 at 11–12.)

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondent shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3. Respondent **SHALL** filed a status report confirming Petitioner's release, assuming all bond conditions have been met.

**IT IS SO ORDERED**.

DATE:  May 19, 2026

HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-01507-RBM-AHG